IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:16-CR-8-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| SHIRITA MARIE JAMES,<br>Defendant. | )<br>)<br>) | |

This matter is before the Court on defendant's motion for reduction of sentence [DE 42] and for residential reentry center placement [DE 43]. Both motions are ripe for disposition. For the following reasons, the motions are denied.

## BACKGROUND

On July 19, 2016, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(B), and 21 U.S.C. § 841(a)(1). She was sentenced on November 10, 2016 to a term of 135 months' imprisonment, followed by a five-year term of supervised release. She noticed an appeal, which the Fourth Circuit dismissed on April 26, 2017. Defendant has now filed two motions with this Court. Her first motion is for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 794 of the U.S. Sentencing Guidelines. Her second motion is for this Court to make a nonbinding recommendation to the Bureau of Prisons that she serve the final twelve months of her sentence in a residential reentry center. The government has not responded to either motion.

## DISCUSSION

First, defendant's motion under § 3582(c) is denied. Defendant has moved for relief pursuant to Amendment 794. Amendment 794 lists factors to be considered by a sentencing court when sentencing a minor participant in a criminal conspiracy. U.S.S.G. § 3B1.2, Application Note 3(A).

A court's ability to modify a term of imprisonment after it has been imposed is limited. *United States v. Goodwin*, 596 F.3d 233, 235 (4th Cir. 2010). But a defendant who "has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the court to reduce her sentence. 18 U.S.C. § 3582(c)(2). A § 3582(c) reduction based on a sentencing Guidelines amendment that lowers an applicable guideline range is only available when the amendment has been made retroactive on collateral review by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a). The Sentencing Commission did not make Amendment 794 retroactive on collateral review. U.S.S.G. § 1B1.10; *United States v. Price*, 2017 WL 2797490 (D. Md. June 27, 2017) (collecting cases). Therefore, it cannot sustain a § 3582(c) motion. Defendant's motion is DENIED.

Second, defendant has moved for a judicial recommendation as to where she will serve the final twelve months of her sentence. The Bureau of Prisons has the authority to designate the place of imprisonment, but the Court's recommendation is one of the factors the BOP considers. 18 U.S.C. § 3621. Defendant was sentenced to a term of 135 months' imprisonment in 2016, and is several years away from her release. Accordingly, the Court finds a determination of whether a recommendation is warranted to be premature. Her motion is DENIED WITHOUT PREJUDICE and she may refile it in the future.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence [DE 42] is DENIED and defendant's motion for placement recommendation [DE 43] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

This the 25 day of July, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE